**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brad Silvernail; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Hannay Realty Advisors, LP, an Arizona Limited Partnership; R. Craig Hannay and Jane Doe Hannay, husband and wife | **JURY DEMAND** |

Plaintiff Brad Silvernail, for his Complaint against Defendants, alleges as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6. Plaintiff also seeks to recover Plaintiff seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to A.R.S. §§ 23-355 and 12-341.01.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

9. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

9. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10. At all times material hereto, Hannay Realty Advisors, LP is a limited partnership created in Arizona, and has its principal place of business in Arizona at 2999 North 44th Street, Suite 400, Phoenix, Arizona 85018.

11. Upon information and belief, at all times material hereto, Defendant R. Craig Hannay, was and continues to be a resident of Arizona.

12. Jane Doe Hannay is R. Craig Hannay's wife. R. Craig and Jane Doe Hannay have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13. Upon information and belief, and consistent with the information available from the Arizona Secretary of State, Defendant R. Craig Hannay was and is the owner of

Hannay Realty Advisors, LP.

14.  At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1) and by A.R.S. §§ 23-350 or 23-362(A) (Version 2).

15.  The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16.  At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d) and in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

17.  Each of the Defendants is deemed an "employer" for purposes of the FLSA and Arizona Wage Laws including, without limitation, 29 U.S.C. § 216 and in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

18.  Defendant R. Craig Hannay is deemed an "employer" for purposes of the FLSA and Arizona wage laws, including, without limitation, 29 U.S.C. §216 and A.R.S. §§ 23-350 or 23-362(B) (Version 2)., and are co-equally liable with Hannay Realty Advisors, LP.

19.  All Defendants are co-equally liable for all matters.

20.  On information and belief, Defendant R. Craig Hannay made all decisions on the daily activities of their employees and makes all decisions regarding pay policies and exerted financial and operative control over Hannay Realty Advisors, LP and is therefore individually liable under the FLSA.

21.  Defendant R. Craig Hannay had the power to close Hannay Realty Advisors, LP.

22.  Defendant R. Craig Hannay had the power to hire and fire employees.

23. On information and belief, Defendant R. Craig Hannay hired managerial employees.

24. On information and belief, Defendant R. Craig Hannay maintained employment records.

25. Defendant R. Craig Hannay profited from the FLSA violations detailed in this complaint.

26. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

27. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

28. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

29. Defendants operate an RV park in Mesa, Arizona.

30. Plaintiff was hired as a maintenance man and front desk clerk for the RV park on August 13, 2013.

31. Plaintiff's job responsibilities included all facets of maintenance for the park. Plaintiff's responsibilities included maintenance on electrical, mechanical, plumbing and climate-control systems.

32. Plaintiff would install and assemble equipment, perform periodic inspections and tune-ups.

33. Plaintiff also had to perform front desk duties for the RV park which included assisting tenants with issues, processing rent, and other paperwork.

34. Plaintiff was required to be in the office Monday through Sunday and was also on call every day, Plaintiff was usually in the office for eight to ten hours each day.

35. Plaintiff was also on call after his work hours. If there were any maintenance issues of tenant emergencies, Plaintiff was required to respond to them at all times of the night.

36. From the time Plaintiff was hired this was Plaintiff's work schedule.

33. Hannay Realty Advisors, LP compensated Plaintiff at an hourly rate of $10 per hour initially but in 2014 he received a raise and was earning $12 per hour for the remainder of his tenure.

34. Plaintiff was a non-exempt employee.

35. Even if Plaintiff was an exempt employee, Defendants waived the right to claim the administrative or managerial exemption to the FLSA because they paid Plaintiff an hourly rate.

36. Plaintiff had no real supervision or management responsibilities.

37. Plaintiff could neither hire nor fire employees.

38. R. Craig Hannay made all decisions on whom to hire and fire.

39. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

40. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

41. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Hannay Realty Advisors, LP or its' customers.

42. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

43. Plaintiff would work on average seventy (70) to eighty four (84) hours per week for Hannay Realty Advisors, LP without receiving overtime compensation at time and one half his regular hourly rate.

44. Defendants would only compensate Plaintiff only for twenty hours each week he worked.

45. Every week Plaintiff worked his regular schedule while in the employ of Defendants, he worked more than forty hours a week and should have been paid time and one half his hourly rate for all hours over forty.

46. As a maintenance man, Plaintiff was required to purchase tools, supplies, and equipment for the upkeep of the park.

47. Defendants agreed to compensate Plaintiff for his expenses incurred in purchasing supplies.

48. Plaintiff's employment with Defendants ended in May of 2015.

49. At the time of the filing of this complaint, Defendants have failed to compensate Plaintiff for the expenses he incurred in purchasing equipment and supplies.

50. Plaintiff is owed approximately $2,148.97 for the equipment and supplies he purchased (such as paint, tools, etc.) that Defendants have failed to pay Plaintiff.

51. Defendants had no good faith basis to withhold the expense reimbursement and such failure violates Arizona law as these expenses are deemed "wages" for purposes of A.R.S. § 23-350 et seq.

52. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute his claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

53. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

54. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

55. Plaintiff was a non-exempt employee.

56. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

57. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

58. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

59. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

60. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

61. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

62. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

  b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

  d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

  f. For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**<u>FAILURE TO PAY WAGES</u>**

62. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

63. On information and belief, Defendants failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, for expenses incurred by Plaintiff which were to be reimbursed by Defendant.

63. Plaintiff is owed wages in the amount of approximately $2,148.97 for the equipment and supplies he purchased (such as paint, tools, etc.) that Defendants have failed to pay Plaintiff.

64. On information and belief, Defendants' failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

65. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

66. Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendants:

A. Awarding Plaintiff regular compensation in the amount due to her for all of his time worked for which Defendants provided no compensation while at work for Defendants;

B. Awarding Plaintiff treble the amounts calculated pursuant to the preceding paragraph;

C. Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

D. Awarding Plaintiff costs and expenses reasonably incurred in this action;

E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G. For such other and further relief as the Court deems just and proper.

# COUNT THREE
# DECLARATORY JUDGMENT

70. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

71. Plaintiff and Defendants have an overtime compensation dispute pending.

72. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

73. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiff.

   b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

   c. Plaintiff individually is covered by the overtime provisions of the FLSA.

   d. Plaintiff was not an exempt employee pursuant to the FLSA.

   e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

   f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

   g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

   h. Plaintiff is entitled to an equal amount as liquidated damages.

       i. Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

74. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

75. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: August 12, 2015

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**
By: /s/ Trey Dayes
    Trey Dayes
    Attorney for Plaintiff